IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Charles R. Campbell,<br><br>Plaintiff,<br><br>v.<br><br>Ms. Hollie S. Bennett; Dr. Karen K. Shelton; The Honorable Tony M. Jones; Ms. Catherine A. Stone; Mr. Charlton B. Hall; Ms. Emily H. Farr; Mr. Dean Grigg; Ms. Christa T. Bell; Mr. David B. Love; Board of Examiners in Pyschology; South Carolina Department of Labor, Licensing, and Regulation; Ms. Shirley A. Vickery; South Carolina Bar; South Carolina Bar Board of Governors; Mr. M. Dawes Cooke, Jr.; Ms. Beverly A. Carroll; Dr. J. Patrick Goldsmith,<br><br>Defendants. | C/A No. 0:19-0973-JFA-PJG<br><br>**ORDER** |

I.  INTRODUCTION

Plaintiff, Charles R. Campbell, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his right to due process and right to counsel arising out of his divorce proceeding. (ECF No. 1). Plaintiff seeks monetary damages and injunctive relief. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge. The Magistrate Judge assigned to this action[1] prepared

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or

a thorough Report and Recommendation ("Report") and opines that Plaintiff's complaint should be summarily dismissed with prejudice and without issuance and service of process. (ECF No. 9). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. The Magistrate Judge required Plaintiff to file objections by June 12, 2019 (ECF No. 9), and Plaintiff timely filed his Objections in two parts (ECF No. 12, 18). Plaintiff also filed a Motion for Preliminary Injunctive Relief. (ECF No. 19). Accordingly, the Complaint is ripe for review.

## II.    LEGAL STANDARD

The district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of

---

modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

## III. DISCUSSION

In the Report, the Magistrate Judge recommends summary dismissal of Plaintiff's claims because they are frivolous as they lack an arguable basis in either law or fact. (ECF No. 9). Briefly,

Plaintiff's claims arise out of Plaintiff's divorce from his ex-wife and the termination of his parental rights. In the Final Order and Decree of Divorce, Plaintiff was barred from visiting or contacting his three children. (ECF No. 1). Plaintiff claims he was denied due process during the parental evaluation phase of the divorce proceedings, and as such, the family court judgment should be reversed by this Court. (ECF No. 1). Plaintiff seeks damages from the Defendants and various forms of injunctive relief. (ECF No. 1).

**A. Plaintiff's Claims Against Five Defendants Should be Dismissed Because They are Not State Actors.**

In his complaint, Plaintiff has named Ms. Hollie Bennett, guardian ad litem appointed by the family court, Dr. Karen K. Shelton, a psychologist in private practice, Ms. Catherine A Stone, social worker, Mr. Charlton B. Hall, a therapist, and Dr. J. Patrick Goldsmith, a psychologist in private practice. To be successful on a claim under § 1983, a plaintiff must establish two essential elements: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Magistrate Judge found that there was no indication that these Defendants performed conduct on behalf of or in the interest of the State. (ECF No. 9). As such, the Magistrate Judge concluded Plaintiff's § 1983 claims against these Defendants should be dismissed because these Defendants are not subject to suit under that statute. (ECF No. 9).

In his Objections, Plaintiff asserts that Bennett meets the public function test and nexus/joint action test. (ECF No. 18). Plaintiff argues Bennett meets the public function test because Bennett performed solely public functions as a protective order concerning the children's neglect, need, or danger was never an issue in his case. (ECF No. 18). Also, Plaintiff asserts Bennett meets the requirements of the nexus/joint action test. (ECF No. 18). Although the public

function test and nexus/joint function test can be used to determine whether a private party qualifies as a state actor, it has been established that guardian ad litem are not state actors. "Guardian ad litem are not state actors for purposes of § 1983, because they give their 'undivided loyalty to the minor, not the state." *Parkell v. South Carolina*, 687 F. Supp. 2d 576, 587 (D.S.C. 2009); *See Higdon v. Smith*, 565 F. App'x 791, 793 (11th Cir. 2014); *See also Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986). Therefore, the Court dismisses Plaintiff's claims against Defendant, Bennett, because Bennett is not subject to suit under § 1983.

Similarly, the Magistrate Judge concluded that Defendant, Dr. Karen Shelton, was also not a state actor and as such, not subject to suit. Plaintiff quotes portions of Shelton's services contract to prove that her conduct meets the public function test because she stated her work is done "for the Court." (ECF No. 18). However, Shelton is a psychologist in private practice and was retained by the parties. (ECF No. 9). Plaintiff's argument concerning Shelton's status is unpersuasive. Therefore, the Court dismisses Plaintiff's claims against Defendant, Shelton, because Shelton is not subject to suit under § 1983.

Finally, Plaintiff has also brought suit against Defendants Stone, a social worker, Hall, a therapist, and Goldsmith, a psychologist in private practice. (ECF No. 1). The Magistrate Judge pointed out that Plaintiff failed to provide any information as to the conduct performed by these Defendants which was on behalf of or in the interest of the State. (ECF No. 8). In his Objections, Plaintiff provides additional information about these Defendants' specific actions by stating they "conspired with either the Guardian or the Court Evaluator, or both, in providing objectively fraudulent information to the previous Family Court." (ECF No. 18). However, this information is insufficient to establish how these individuals acted on behalf of or in the interest of the state.

Therefore, the Court dismisses Plaintiff's claims against Defendants Stone, Hall, and Goldsmith because they are not subject to suit under § 1983.

### B. Plaintiff's Claim Against Defendant, the Honorable Tony M. Jones, Should Be Dismissed Because of Judicial Immunity.

In his Complaint, Plaintiff has named the Honorable Tony M. Jones as a Defendant because of his actions as the presiding judge in Plaintiff's state divorce proceeding. (ECF No. 1). In the Report, the Magistrate Judge recommends dismissing the claims against Judge Jones because he has judicial immunity. (ECF No. 9). Judges are entitled to absolute immunity from suit, not just the ultimate assessment of damages, for judicial actions taken within their jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). However, Plaintiff argues that two exceptions apply which will expose Judge Jones to suit. (ECF No. 18). First, Plaintiff argues that Judge Jones is subject to suit because he took actions outside of his judicial role. (ECF No. 18). Plaintiff has not provided a single example of Judge Jones' actions which would be considered outside of his judicial role. Second, Plaintiff argues Judge Jones is subject to suit because he lacked jurisdiction over Plaintiff's case. (ECF No. 18). Plaintiff has failed to explain how Judge Jones lacked jurisdiction over his divorce proceeding. Therefore, the Court dismisses Plaintiff's claims against Defendant, Judge Jones because he has judicial immunity.

### C. Plaintiff's Claim that his Right to Due Process was Violated is Without Merit.

Plaintiff has alleged that his right to due process was violated by LLR, the Board of Examiners in Psychology, and Individuals associated with these entities. In the Report, the Magistrate Judge recommends dismissing these claims because they are patently without merit. (ECF No. 9). Plaintiff's claims arise out of a complaint he filed with the LLR's Board of Examiners in Psychology regarding Defendant, Shelton's conduct in his divorce proceeding. (ECF No. 9). In his

Complaint and Objections, Plaintiff does not state whether he is raising a procedural or substantive due process claim. (ECF No. 1, 18). Regardless of the claim, the Magistrate Judge found Plaintiff does not have a liberty or property interest in the outcome of a Board of Examiners in Psychology investigation. (ECF No. 9).

In his Objections, Plaintiff asserts that he has a property interest in "all expectations of conduct associated to such title…professional standards of knowledge and experience, standards of behavior, standard of evaluation and professional process, and standards of ethical conduct." (ECF No. 18). The range of interests protected by the Due Process Clause of the Fourteenth Amendment is not infinite. Only those interests that a person already has acquired in specific benefits are protected. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 572 (1972). In order to have a property interest in a benefit, therefore, a person must have more than an abstract need or desire for it. *Id.* at 576. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. *Id.* at 577. Plaintiff's alleged 'property interests' fail to meet the standard set forth by the United States Supreme Court.

In the Report, the Magistrate Judge states that "South Carolina law provides no benefit or entitlements to those who file complaints against licensed psychologists. See S.C. Code § 40-55-130." Plaintiff responds by quoting the portion of the statute which refers to the "final order of the board finding that a psychologist is guilty." (ECF No. 18). Plaintiff then goes on to list the effect of a final order in an investigation of a psychologist by the Board of Examiners. (ECF No. 18). While Plaintiff may desire a final order finding Defendant, Shelton, guilty, Plaintiff's mere desire and the effect of such desire are not sufficient to qualify as a property interest under the 14th Amendment. Plaintiff also quotes other portions of the code which he alleges he has a property interest in, however, he does not.

The remainder of this section in Plaintiff's Objections consist of him asserting he has a property interest in the review, overall investigation, and ultimate finding that Dr. Shelton is guilty. (ECF No. 18). Plaintiff has failed to assert a viable property interest in his Complaint or his Objections. (ECF No. 18). The Court is unpersuaded that Plaintiff has property interest in the outcome of an investigation. Therefore, the Court dismisses Plaintiff's due process claims against Defendants, LLR, the Board of Examiners of Psychology, and individuals associated with these entities as they are without merit.

### D. Plaintiff's Claim that his Sixth Amendment Right to Counsel was Violated is Without Merit.

In his complaint, Plaintiff alleges a violation of his Sixth Amendment right to counsel by Defendants, the South Carolina Bar, its Board of Governors, and individual boards members. (ECF No. 1). As Plaintiff had counsel in his state family court proceeding, it was unclear in his complaint and is still unclear now as to which proceeding Plaintiff claims he has been denied adequate legal counsel. In his Objections, Plaintiff specifically states "it should be noted for clarification that Plaintiff's assertion of 'Right to Counsel' relates purely to the current Civil action before the District Court." (ECF No. 18). Then Plaintiff states "Plaintiff does not assert that Counsel must be provided for him in the current matter…Plaintiff specifically waives such argument, without prejudice." (ECF No. 18). Regardless of Plaintiff's attempted waiver, Plaintiff is not entitled to counsel in a civil right action. *See Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Therefore, the Court dismisses Plaintiff's claim against Defendants, the South Carolina Bar, its Board of Governors, and individual board members.

### E. Plaintiff's Request for Injunctive Relief is Barred by Rooker-Feldman Doctrine.

In his Complaint, Plaintiff requests the Court to issue various forms of injunctive relief. (ECF

No. 1). Specifically, Plaintiff requests the Court to overturn the York County Family Court's final order and divorce decree, award Plaintiff custody of his children, order an evaluation of Plaintiff's children and terminate Plaintiff's ex-wife's parental rights. (ECF No. 1). The Magistrate Judge contends that Plaintiff's claims for relief are barred under the *Rooker-Feldman* doctrine. "Under the *Rooker-Feldman* doctrine, lower federal courts may not consider issues actually presented to and decided by a state court or constitutional claims that are inextricably intertwined with questions ruled upon by a state court." *Friedman's Inc., v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). In the Report, the Magistrate Judge concludes that a consideration of Plaintiff's issues would effectively constitute an appellate review of issues already decided by a state court of competent jurisdiction. (ECF NO. 9). Further, the Report cites to a helpful case, *Phifer v. City of N.Y.* in which the Court held that under the *Rooker-Feldman* doctrine, the Court could not review the "family court's determinations regarding custody, neglect, and visitation, as those issues were decided by the family court after providing Phifer a full and fair opportunity to litigate those issues." *Phifer v. City of N.Y.*, 289 F.3d 49, 57 (2d Cir. 2002). Therefore, the Magistrate Judge recommends dismissing Plaintiff's claims for injunctive relief as they are barred by the *Rooker-Feldman* doctrine.

In his Objections, Plaintiff cites to a string of cases in which a Plaintiff's claims were not barred by the *Rooker-Feldman* doctrine. (ECF No. 12). Plaintiff asserts that his claims should also not be barred by the doctrine because his "complaint is based on injury cased by action separate to the state court judgment itself." (ECF No. 12). Among the cases Plaintiff cites *is Kiowa Indian Tribe of Oklahoma v. Hoover* in which the Court of Appeals held, "if the purpose of a federal action is 'separable from and collateral to' a state court judgment, then the claim is not 'inextricably intertwined' merely because the action necessitates some consideration of the state

court judgment." *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). However, Plaintiff's claims are not separate from and collateral to the family court's divorce decree; they are inextricably intertwined with the divorce decree. A claim is inextricably intertwined with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* The Court finds Plaintiff's claims can only succeed upon a finding that the family court's divorce decree is wrong and as such, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Therefore, the Court summarily dismisses Plaintiff's claims as frivolous.

### F. Plaintiff's First Motion for Preliminary Injunction. (ECF No. 7).

Plaintiff filed a Motion for Injunctive Relief (ECF No. 7) on May 23, 2019. Plaintiff's Motion requests a "temporary stay of the restraining orders associated with the Family Court Divorce Decree in order to be able to attend his son's High School Graduation." (ECF No. 7). The Family Court entered a Divorce Decree on May 27, 2014 which included a permanent restraining order against Plaintiff prohibiting him from communicating with his ex-wife and their children. (ECF No. 1). Plaintiff's son's graduation was scheduled for Saturday, June 8, 2019, and as such, has passed. Therefore, Plaintiff's Motion for Injunctive Relief (ECF No. 7) is denied as moot.

### G. Plaintiff's Second Motion for Preliminary Injunctive Relief. (ECF No. 19).

Plaintiff filed a second Motion for Injunctive Relief (ECF No. 19) on June 24, 2019. Plaintiff

requests the same injunctive relief as stated in his Complaint. (ECF No. 1, 19). As the Court has denied Plaintiff's request for injunctive relief in his Complaint, the Court also denies Plaintiff's Motion for Preliminary Injunctive Relief on the same grounds. (ECF No. 19).

## IV. CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report, and objections thereto, this Court **adopts** the Magistrate Judge's Report and Recommendation. (ECF No. 9). The Court summarily dismisses the Complaint with prejudice and without issuance and service of process. Additionally, Plaintiff's Motions for Injunctive Relief and Preliminary Injunctive Relief are denied. (ECF No. 7, 19).

IT IS SO ORDERED.

September 23, 2019　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge